HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FRED SALAS,<br><br>                Plaintiff,<br>    v.<br><br>INDEPENDENT ELECTRICAL<br>CONTRACTORS, INC., et al.<br><br>                Defendants. | **CONSOLIDATED**<br><br>LEAD CASE NO. C11-1748RAJ<br><br>MEMBER CASE NO. C12-277RAJ<br><br>ORDER GRANTING RULE 56(d)<br>REQUEST AND DENYING<br>SUMMARY JUDGMENT |

     This matter comes before the court on defendant Independent Electrical Contractors, Inc.'s ("IEC") motion for summary judgment. Dkt. # 22. IEC moves the court for summary judgment on the issues of whether IEC was an "employer" under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-2, and whether IEC is considered a training program under Title VII. Defendants have not moved on the merits of plaintiff's Title VII claim. In response to the motion for summary judgment, *pro se* plaintiff Fred Salas responds by (1) arguing the merits of his Title VII claim, which has not been raised, (2) arguing that IEC is an entity subject to Title VII, and (3) requesting a Rule 56(d) extension to conduct discovery. Salas has not presented any evidence to support his argument that IEC is an entity subject to Title VII. Nor does Salas strictly comply with Rule 56(d), which requires a declaration with specified reasons why the nonmovant cannot present facts essential to justify his opposition. Fed. R. Civ. P. 56(d).

1  Nevertheless, plaintiff is proceeding *pro se*. Additionally, plaintiff has specified at least
2  one category of evidence he would need in order to oppose IEC's motion: "more
3  discovery with IEC as to exactly how the IEC is organized and what role the employee
4  representatives play." Dkt. # 37 (Opp'n) at 13. In his "supplemental response,"[1] plaintiff
5  indicates that he has received at least some evidence through discovery that he believes
6  may be relevant to the issues on summary judgment. Although plaintiff has not strictly
7  complied with Rule 56(d), given that he is proceeding *pro se*, has identified at least one
8  category of discovery that would be relevant to the issues IEC raised on summary
9  judgment, and in the interests of justice and resolving the case on the merits, the court
10 GRANTS plaintiff's Rule 56(d) request. Accordingly, the court DENIES IEC's motion
11 for summary judgment without prejudice. Fed. R. Civ. P. 56(d)(1).
12     Dated this 15th day of October, 2012.

*[signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Judge

---

[1] The court notes that filing substantive supplemental responses are improper under the Federal Rules of Civil Procedure and this District's Local Rules. A surreply may only be filed under limited circumstances and pursuant to particular procedures. Local Rules W.D. Wash. CR 7(g). The court refers plaintiff to the court's website, which provides a *pro se* guide and links to the Federal Rules and Local Rules. http://www.wawd.uscourts.gov/pro-se (last visited Oct. 10, 2012). The court also notes that plaintiff has not properly electronically signed his documents. *See* http://www.wawd.uscourts.gov./sites/wawd/files/ECF2012-2FilingProceduresAmended.pdf at 9-10 (L. Signatures and Attorney Appearances) (last visited Oct. 10, 2012). The court expects plaintiff to read and abide by these rules and procedures.