The Honorable Judge Richard A. Jones

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| FRED SALAS,<br><br>　　　　Plaintiff<br><br>　　vs.<br><br>INDEPENDENT ELECTRICAL CONTRACTORS OF WASHINGTON EDUCATIONAL TRAINING FUND, INTEGRATED ELECTRICAL SERVICES INC.,<br><br>　　　　Defendants | No. C11-1748 RAJ<br><br>FIFTH AMENDED COMPLAINT AS TO INDEPENDENT ELECTRICAL CONTRACTORS OF WASHINGTON EDUCATIONAL TRAINING FUND, INTEGRATED ELECTRICAL SERVICES INC. |

Plaintiff Fred Salas, pro se, alleges as follows:

**JURISDICTION, VENUE, AND PARTIES**

　　1. Jurisdiction is proper under Article IV Section 6 of the Washington Constitution and venue is proper under Chapter 4.12 RCW for the claims herein.

　　2. Plaintiff Fred Salas is a resident of King County, Washington.

　　3. Defendant Independent Electrical Contractors of Washington Educational Training Fund, hereinafter referred to as (IEC) is a corporation existing under the laws of the State of Washington, having an office and place of business located in Snohomish County Washington.

4. Defendant Integrated Electrical Services Inc. (hereinafter referred to as IES) is a corporation existing under the laws of the State of Washington, having an office and place of business located in King County, Washington, within the territorial jurisdiction this court. IES is a nationwide corporation claiming to have over 3000 employees.

5. Actions alleged took place in King County Washington, within the territorial jurisdiction of this court.

6. Venue and Jurisdiction are proper under RCW 4.12.010, RCW 4.12.020, and RCW 4.12.025. Jurisdiction is conferred on the court by virtue of 29 U.S.C §1331, §1334, §1343. Venue in this district is appropriate pursuant to Title 28, United States Code, §1391, because the pertinent events took place in this district.

## FACTS

7. The plaintiff is a Pacific Islander, having been born and raised in Guam.

8. At the time of his employment with the defendant, the plaintiff was 45 years old and therefore in a protected class under the Age Discrimination in Employment Act (ADEA).

9. The plaintiff began his apprenticeship with IEC in October, 2009.

10. The plaintiff began employment with the defendant IES on August 2, 2010.

11. When the plaintiff worked for the defendant IES, he was rarely assigned a journeyman which is a requirement for working as an apprentice.

12. The plaintiff while working with IES, was commonly assigned unsafe work assignments that were against the electrical codes and violated accepted safety standards. Examples included being ordered to carry and use a heavy jackhammer on a ladder as well as work with live electrical circuits. These assignments were not given to other workers who were not racial minorities.

**Fred Salas**
**21620 14th Ave. S. #h103**
**Des Moines Wa., 98198**
**253-221-6389**

13. Since he was not assigned a journeyman, the plaintiff was not given the same opportunities for career growth and education as similarly situated employees of other races and national origin.

14. For the same reason, he was not given the same opportunities for career growth and education as similarly situated employees that were under 40.

15. On or about August 24, 2010, the plaintiff was wrongfully terminated from his position as an apprentice electrician at IES on the basis of his age, race, and national origin.

16. In terminating the defendant treated the plaintiff differently than similarly situated employees of other races and national origin.

17. In terminating the plaintiff, the defendant IES treated him differently than similarly situated employees under the age of 40.

18. The plaintiff was wrongfully terminated from his position as an apprentice with defendant IEC on October 14, 2010, as an apprentice electrician on the basis of his age, race, and national origin

**CAUSE OF ACTION #1 - CLAIM FOR EMPLOYMENT DISCRIMINATION ON BASIS OF RACE AND NATIONAL ORIGIN UNDER TITLE VII**

19. In promotions, opportunities for career growth and in disciplinary procedures, defendant IES as well as defendant IEC discriminated against the plaintiff because of his race, and national origin, in violation of his civil rights to be free from employment discrimination on the basis of his race and national origin provided under Title VII of the Civil Rights Acts of 1964.

20. The policies and procedures for education, career growth, promotions, and discipline of the defendants, were and are discriminatory, disfavor minorities and workers over 40, and as such, demonstrate an intent to discriminate against minorities and workers over 40.

21. In the defendants' disciplinary procedures and in the disciplinary action taken against him, the plaintiff was treated differently than similarly situated electrical apprentices who were not Pacific Islanders.

22. When the plaintiff was terminated by both defendants, the defendants used selection procedures to terminate the plaintiff that discriminate against Pacific Islanders and other minorities. The fact that the defendants cannot articulate a business necessity for the selection procedures, or in the alternative the fact that the plaintiff can provide a selection procedure that is not racially based that accomplishes the same business necessity demonstrates an intent to discriminate by the defendants on the basis of race and national origin. The plaintiff intends to seek discovery over the exact nature of the selection procedures, but one selection procedure at issue is giving unbridled discretion to managers to terminate or discipline employees without any kind of meaningful analysis as to whether the discipline is consistent, fair, unbiased, or relevant to requirements of the job. Another is removing him from the program without any kind of due process. The failure to monitor its selection procedures demonstrate an intent to discriminate.

23. With respect to IEC, on June 3, 2011, the plaintiff filed complaints over the issues in this complaint with the EEOC. He received a right to sue letter on July 23rd, 2011. This suit was filed within 90 days required for a Title VII action.

24. With respect IES, on June 3, 2011 the plaintiff filed complaints with the EEOC over the incidents in paragraphs 1-19. He received a right to sue letter on November 26, 2011.

25. This suit is filed within the 90 days required for a Title VII action for these incidents.

**Fred Salas**
21620 14th Ave. S. #h103
Des Moines Wa., 98198
253-221-6389

## CAUSE OF ACTION #2 - DISCRIMINATION ON THE BASIS OF RACE AND NATIONAL ORIGIN UNDER RCW 49.60

26. Plaintiff now re-alleges each and every allegation as set forth above, and hereby incorporates same by reference, as if all were set forth fully herein.

27. In promotions, opportunities for career growth and in disciplinary procedures, defendant IES as well as defendant IEC discriminated against the plaintiff because of his race, and national origin, in violation of his civil rights to be free from employment discrimination on the basis of his race and national origin provided under RCW 49.60, the Washington Law Against Discrimination (WLAD)

28. In the defendants' disciplinary procedures and in the disciplinary action taken against him, the plaintiff was treated differently than similarly situated electrical apprentices who were not Pacific Islanders.

29. When the plaintiff was terminated by both defendants, the defendants used selection procedures to terminate the plaintiff that discriminate against and adversely affect Pacific Islanders and other minorities. The defendants cannot articulate a business necessity for the selection procedures, or in the alternative the plaintiff can provide a selection procedure that is not racially based that accomplishes the same business necessity.

## CAUSE OF ACTION #2 - DISCRIMINATION IN EMPLOYMENT ON THE BASIS OF AGE UNDER AGE DISCRIMINATION IN EMPLOYMENT ACT AND RCW 49.60.

30. In promotions, opportunities for career growth and in disciplinary procedures, defendant IES and IEC discriminated against the plaintiff because of his age, in violation of Age Discrimination in Employment Act (ADEA) and RCW 49.44.090.

31. The policies and procedures for education, career growth, promotions, and discipline, were and are discriminatory and demonstrate an intent to discriminate by the defendants against the plaintiff and other employees over 40 as well as have an adverse impact on the plaintiff and other employees over 40..

32. In its disciplinary procedures and in the disciplinary action taken against him, the plaintiff was treated differently than similarly situated electrical apprentices who were not over 40.

33. When the plaintiff was terminated, the defendants used selection procedures on the plaintiff that adversely affects employees over 40. The defendants cannot articulate a business necessity for the selection procedure, has not validated their selection procedures or in the alternative the plaintiff can provide a selection procedure that is not age based that meets the same business necessity. The failure to monitor its selection procedures with respect to age reflect an intent to discriminate on the basis of age by the defendants.

34. The actions of the defendants as above alleged constitute age discrimination in the terms and conditions of employment in violation of Age Discrimination in Employment Act (ADEA) and RCW 49.44.090.

## RACIAL DISCRIMINATION UNDER 42 USC §1981

35. The actions of the Defendants in terminating the Plaintiff terminating his employment and membership in the apprenticeship program, constitute racial discrimination in the exercise of his freedom of contract in violation of 42 USC §1981.

36. The Plaintiff seeks damages, and injunctive and declaratory relief

**Fred Salas**
**21620 14th Ave. S. #h103**
**Des Moines Wa., 98198**
**253-221-6389**

# REMEDY

**WHEREFORE** plaintiff, without making any election of remedies, requests that the court order the following relief:

A. That the pleadings conform to the proof at trial.

B. That the court award damages against defendants IES and IEC for employment discrimination on the basis of race, ethnicity, or national origin in an amount to be proven at trial Included in the calculation of damages will be punitive damages to deter the defendants from engaging in the aforementioned acts of racial discrimination and discrimination on the basis of age and national origin..

C. That the court award damages against the defendants for employment discrimination of the basis of age in an amount to be proven at trial.

D. That the court award damages to the plaintiff and against the defendants for plaintiff's costs and reasonable attorney fees pursuant to RCW 49.60.030(2) and applicable provisions of federal law.

E. That the defendant IES be ordered to reinstate the plaintiff to his former position at IES with credit counted for lost time as counting toward his probationary period.

F. That the defendant IEC be ordered to reinstate the plaintiff to his former position at IEC with credit counted for lost time as counting toward his completion of the apprenticeship program.

G. For such other and further relief as to the Court deems reasonable and equitable.

**Fred Salas**
**21620 14th Ave. S. #h103**
**Des Moines Wa., 98198**
**253-221-6389**

**RESPECTFULLY SUBMITTED**, December 8, 2012.

_____
Fred Salas, pro se

**FIFTH AMENDED COMPLAINT AS TO IEC
AND IES - PAGE 8**

Fred Salas
21620 14th Ave. S. #h103
Des Moines Wa., 98198
253-221-6389