HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FRED SALAS, <br><br> Plaintiff, <br><br> v. <br><br> INDEPENDENT ELECTRICAL CONTRACTORS INC., <br><br> Defendant. | **CONSOLIDATED** <br><br> LEAD CASE NO. 11-1748 RAJ <br><br> MEMBER CASE NO. C12-277RAJ <br><br> ORDER |

This matter comes before the court on plaintiff's motions to modify the judgment under Rule 59(e) (Dkt. # 199) and motion for ruling as to timeliness of FRCP 59 motion (Dkt. # 201).

With respect to the latter, Rule 59(e) allows a plaintiff to file a motion to alter or amend a judgment "no later than 28 days after the entry of judgment." Fed. R. Civ. Proc. 59(e). Although a district court may extend filing times for good cause, Rule 6(b)(2) expressly prohibits the court from extending time to act under Rule 59(e). Fed. R. Civ. Proc. 6(b)(2). The docket indicates that plaintiff's motion was filed and entered on June 5, 2013 at 4:18 p.m. Salas has demonstrated that he attempted to file the document at 11:45 p.m. on June 4, 2013, which was a Tuesday. However, Rule 6(b)(2) does not allow the court to extend the filing date, and Rule 6(a)(3) and (5) are inapplicable because the

28 day deadline is stated in days, and the deadline fell on a Tuesday when the court was open for business. The court finds that plaintiff's motion was untimely. Nevertheless, even if the court considered plaintiff's Rule 59(e) motion, the court finds that he has not satisfied his burden.

A rule 59(e) motion "'should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law.'" *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)) (emphasis in original).

Plaintiff does not contend that the new evidence he has presented is newly discovered or that he could not have discovered the new evidence earlier with the exercise of reasonable diligence. Nor has plaintiff identified an intervening change of legal authority. Rather, plaintiff makes the same arguments he raised in prior documents before the court, or raises new arguments not previously raised. Regardless, plaintiff has failed to demonstrate that the court committed clear error. The court considered all documents presented to the court by plaintiff, and provided a detailed analysis regarding his claims. *See* Dkt. # 197 at 4:10-11 (listing Dkt. ## 38, 39, 172, 173, 175, 179, 180, 185, 187).[1]

For all the foregoing reasons, the court DENIES plaintiff's motions.

Dated this 26th day of November, 2013.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge

---

[1] Plaintiff argues that the court did not review Dkt. # 181. However, that document appears to be pleadings filed in an unrelated case and has no bearing in this action.